1  Todd M. Friedman (216752)
2  Law Offices of Todd M. Friedman, P.C.
   369 S. Doheny Dr. #415
3  Beverly Hills, CA 90211
4  Phone: 877 206-4741
   Fax: 866 633-0228
5  tfriedman@attorneysforconsumers.com
6  Attorney for Plaintiff

E-filing

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JONATHAN JACINTO, | ) | Case No **CV 10 0869** JCS |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION |
| | ) | OF FEDERAL FAIR DEBT |
| vs. | ) | COLLECTION PRACTICES ACT, |
| | ) | ROSENTHAL FAIR DEBT |
| MIDLAND CREDIT | ) | COLLECTION PRACTICES ACT, |
| MANAGEMENT, INC., | ) | AND INVASION OF PRIVACY |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

Complaint - 1

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, JONATHAN JACINTO ("Plaintiff"), is a natural person residing in San Mateo county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4. At all relevant times herein, Defendant, **MIDLAND CREDIT MANAGEMENT, INC.**, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Communicating or threatening to communicate credit information which is known or which should be known to be false, including (§ 1692e(8));

b) Using Plaintiff, or distributing to Plaintiff, a written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval (§ 1692e(9));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including (§ 1692e(10)

d) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5)); Defendant called Plaintiff on average more than two times a day, oftentimes more than five times a day, on average ten times a week, and at least twenty times a month;

e) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code § 178811(b));

f) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d)); Defendant called Plaintiff on average more than two times a day, oftentimes more than five times a day, on average ten times a week, and at least twenty times a month;

g) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e)); Defendant called Plaintiff on average more than two times a day, oftentimes more than five times a day, on average ten times a week, and at least twenty times a month;

h) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

i) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2); Plaintiff's counsel sent a letter on January 4, 2010 and Defendant sent a letter to Plaintiff dated January 8, 2010, representing that Plaintiff should start a payment plan regarding the alleged debt.

6. Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7. Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

8. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional

distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

 A. Declaratory judgment that Defendant's conduct violated the FDCPA;

 B. Actual damages;

 C. Statutory damages;

 D. Costs and reasonable attorney's fees; and,

 E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

### COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages

B. Punitive Damages; and,

C. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 12th day of February, 2010.

By: _____
TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741

**Fax: 866 623-0228**
<u>**tfriedman@attorneysforconsumers.com**</u>
**Attorney for Plaintiff**

Complaint - 7